IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AGCS MARINE INSURANCE COMPANY, as subrogee and assignee of DSC LOGISTICS, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: |
| UPS GROUND FREIGHT, INC. d/b/a UPS FREIGHT, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, AGCS MARINE INSURANCE COMPANY, as subrogee and assignee of DSC LOGISTICS, LLC, by and through their attorneys, Foran Glennon Palandech Ponzi & Rudloff, P.C., and for their Complaint for Damages against Defendant, UPS GROUND FREIGHT, INC., d/b/a UPS FREIGHT, hereby states as follows:

## THE PARTIES

1. Plaintiff AGCS Marine Insurance Company ("AGCS") is a nongovernmental corporation, with its principal place of business located at 225 W. Washington Street, Suite 1800, Chicago, IL 60606-3484. As a result of AGCS' payments to DSC Logistics, LLC ("DSC") under the property insurance policy issued by AGCS to DSC, and the subsequent assignment agreement entered into between the parties, AGCS commenced this action in its capacity as subrogee and assignee of DSC.

2. DSC is a Delaware limited liability corporation with its principal place of business located at 1750 South Wolf Road, Des Plaines, Illinois 60018-1924. DSC is a licensed freight forwarder providing transportation management services for its customers.

3. Defendant UPS Ground Freight, Inc., d/b/a UPS Freight ("UPS") is a Virginia corporation with its principal place of business located at 1000 Semmes Avenue, Richmond, Virginia 23224. UPS is a licensed motor carrier authorized by the Federal Motor Carrier Safety Administration ("FMCSA") to perform transportation services.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because complete diversity exists and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. The Motor Carrier Transportation Contract entered into in May 2010 between DSC and UPS provides that the parties agree to jurisdiction and venue in Federal or State court in Illinois. Further, UPS operates throughout the state of Illinois.

## FACTS

6. In November of 2017, R.J. Reynolds Tobacco Co. ("RJR") engaged DSC to broker transportation of 1,484 cartons of tobacco and tobacco-related products from RJR in Kernersville, North Carolina to ACME Distribution Centers, Inc. ("Acme") in Fife, Washington.

7. DSC engaged UPS to handle the transportation of the tobacco pursuant to a Motor Carrier Transportation Contract entered into in May 2010. (Exhibit A)

8. An Appendix to the UPS Agreement, subsequently entered into between DSC and UPS (the "RJR Appendix") on or about June 29, 2015, provided additional terms and conditions which governed shipments made on behalf of RJR. (Exhibit B)

9. On November 3, 2017, the bill of lading for the tobacco shipment was issued and signed by UPS. (Exhibit C)

10. After receipt of the load, UPS arranged the transportation of the load to a sub-carrier, E-Load Transport Group LLC d/b/a Sundeck Dedicated, which in turn facilitated another leg of transport with sub-carrier Greatway Transportation Inc. ("Greatway").

11. Sometime after November 3, 2017, during Greatway's leg of the transport, the truck driver was involved in an accident around Mocksville, North Carolina and the load was towed to a secure yard.

12. UPS was unresponsive to status requests for many hours following the accident.

13. Thereafter, UPS approved a transload at an Expedia cross-dock in Charlotte, North Carolina and later, a third entity, whose identity is unknown, picked up the load in Charlotte, North Carolina and made the ultimate delivery to ACME.

14. The load had been out of contact for many hours over several days during the course of transportation. During this time, the seal on the trailer was broken, the tobacco was handled by "unapproved" persons, and the tobacco was transloaded into an uninspected trailer with a different sub-carrier of UPS

15. Upon the load's arrival at ACME, it was observed that in addition to the broken trailer seal, the tobacco was unbagged and many cartons were dirty or opened.

16. Due to the stringent shipping standards applicable to tobacco, RJR concluded the tobacco was adulterated and unsafe for sale to consumers due to the loss of contact with the initial carrier, the broken seal, the unauthorized transload from one trailer to another, and the damage observed and noted by ACME at destination.

17. As a result of the tobacco's adulteration, the entire load was destroyed.

18. RJR sustained $250,000 in damages as a result of the destroyed load of tobacco. (Exhibit D)

19. Pursuant to RJR's contract with DSC, DSC reimbursed RJR $250,000 for the cargo loss. In turn, RJR assigned any potential claims against motor carriers involved in the tobacco transport to DSC. (Exhibit E)

20. At all times relevant, DSC was insured by AGCS under a written policy of Insurance, Policy No. MXI-93072998, by the terms of which AGCS indemnified DSC in the amount of $150,000 to reimburse DSC for their payment to RJR for the cargo loss. In turn, DSC assigned their remaining interest in any potential claims (including DSC's $100,000 deductible) against the motor carriers involved in the tobacco transport to AGCS as subrogee and assignee. (Exhibit F)

## COUNT I – CARMACK AMENDMENT

21. Plaintiff adopts and incorporates paragraphs 1 through 20 above as though fully set forth herein.

22. With respect to the interstate road carriage of the subject cargo, i.e. the tobacco from North Carolina to Washington, Defendant UPS was at all times engaged in the business of a motor carrier and was a receiving carrier within the meaning of the Carmack Amendment 49 USC §14706.

23. When UPS received the cargo from DSC on November 3, 2017, it was in good condition as evidenced by the bill of lading.

24. Due to the loss of contact with UPS, the broken seal, the unauthorized transload from one trailer to another, and the damage observed and noted by ACME at destination, the tobacco shipment was rendered adulterated and the entire load was destroyed.

4

25. The damage sustained to the shipment in suit was proximately caused by events during interstate road carriage when the shipment was in the actual, constructive, or contractual custody of Defendant UPS and/or entities acting on its behalf.

26. AGCS indemnified DSC in the amount of $150,000 to reimburse DSC for their $250,000 payment to RJR for the damages sustained as a result of the cargo loss and DSC assigned their remaining interest in any potential claims (including DSC's $100,000 deductible) to AGCS as subrogee and assignee.

WHEREFORE, Plaintiff, AGCS, as subrogee and assignee of DSC, respectfully requests that this Court enter judgment in its favor and against Defendant, UPS, in the full amount of Plaintiff's provable damages, plus attorney's fees, costs, interest and for any further relief this Court deems proper.

        Respectfully submitted,

        */s/ Morgan B. Smith*
        Morgan B. Smith
        FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
        222 North LaSalle Street, Suite 1400
        Chicago, IL 60601
        Phone (312) 863-5000
        Fax (312) 863-5099
        msmith@fgppr.com

        *Attorneys for Plaintiff*